

**Signed and Filed: September 04, 2008**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>FINE BUILDERS, LLC,<br><br>      Debtor.<br>_____<br>FINE BUILDERS, LLC,<br><br>      Plaintiff,<br><br> vs.<br><br>CHRISTINA MUNOZ,<br><br>      Defendant.<br>_____ | Case No. 04-31648 TEC<br><br>Chapter 11<br><br><br><br><br>Adv. Proc. No. 04-3159 TC |

**MEMORANDUM RE ATTORNEY FEES INCURRED
IN ENFORCEMENT OF SETTLEMENT AGREEMENT**

Plaintiff seeks to compel Defendant to pays fees and costs totaling $11,451.62 incurred in enforcement of the settlement agreement. Upon due consideration, and for the reasons stated below, the court determines that Defendant is liable for Plaintiff's reasonable attorney fees in the sum of $9,200.

**FACTS**

The settlement agreement, which the parties first memorialized orally on the record on December 14, 2004, required Plaintiff to

-1-

transfer $192,500 to a trust to be established for the health, education, and benefit of Plaintiff's daughter Morgan. The settlement agreement includes an attorney fee clause, providing that the prevailing party can recover fees in any motion brought to enforce the settlement agreement.

In September 2006, Plaintiff retained attorney Peter W. Clerides to represent him in enforcing the settlement agreement, due to Defendant's alleged failure to place the settlement monies in trust. On April 24, 2007, Plaintiff filed a motion to enforce the settlement agreement.

On December 14, 2007, the court held its first of several contested hearings on the enforcement motion. Defendant conceded that she had never funded a trust as was required by the settlement, but alleged that Mr. Myers waived the trust requirement on condition that the funds remain in a checking account and be applied solely for the specified purposes. At the hearing, the court ordered Plaintiff to file an accounting regarding how the settlement funds had been spent.

On January 15, 2008, Defendant filed an initial accounting. Plaintiff opposed the accounting, contending *inter alia* that it lacked supporting documentation, such as canceled checks. Plaintiff's accountant filed a declaration in support of the opposition, contending that the settlement monies had been commingled and possibly misapplied. Based on this opposition, the court entered an order requiring Defendant to provide additional documentation.

By April 2008, the sole remaining dispute between the parties regarding the settlement monies concerned two $16,000 payments allegedly made by Defendant to Santa Clara University. The court

-2-

held continued hearings regarding these unaccounted-for payments and re Mr. Clerides' request for Defendant to execute the written settlement agreement.

On May 23, 2008, the court determined that all of the settlement monies had been accounted for, and that Defendant was responsible for Plaintiff's reasonable attorney fees in enforcing the settlement agreement.

On May 27, 2008, counsel for Plaintiff mailed a letter to counsel for Defendant, enclosing his billing statements and requesting that Defendant pay $11,276.62 incurred by Plaintiff to enforce the settlement agreement. The billing statements show that between May 14, 2006 and May 23, 2008, Mr. Clerides billed Plaintiff for 44.8 hours on the matter entitled "Christina" at a rate of $250 per hour.

On May 30, 2008, Defendant mailed a letter to Plaintiff offering to pay fees totaling $2,075, representing the time Plaintiff spent to review the accounting filed by Defendant in January 2008, to review Defendant's supplemental declaration, and to attend four hearings. Defendant objected to payment of any other fees, contending that: (1) the fees claimed include substantial time for unrelated matters; (2) certain time records are vague; and (3) the court did not grant the relief requested by Plaintiff in the motion (setting aside the settlement agreement and return of all funds).

On June 26, 2008, Plaintiff filed a declaration of counsel (Declaration). The Declaration renews Plaintiff's application for attorney fees and requests reimbursement of fees totaling $11,276.62, plus $175 for drafting the May 27, 2008 letter and for drafting the Declaration.

-3-

1 | The Declaration does not dispute that the time records include
2 | matters unrelated to enforcement of the settlement agreement.
3 | **DISCUSSION**
4 | I have read the time records submitted by Plaintiff and
5 | Defendant's letter response thereto.  I determine that even after
6 | Plaintiff's waiver of the creation of a formal trust, Defendant was
7 | obligated under the settlement agreement to provide an appropriate
8 | accounting, that Defendant did not do so before the filing of the
9 | enforcement motion, that Plaintiff prevailed in the enforcement
10 | motion, and that the enforcement motion was within the scope of the
11 | fee clause in the settlement agreement.  I further determine that
12 | Plaintiff's hourly rate is reasonable, and that given the extent
13 | and nature of the enforcement proceedings, Defendant is responsible
14 | for paying all fees charged in the invoices attached as Exhibit A
15 | to the Declaration, except as follows: (1) fees charged prior to
16 | Plaintiff's retention of Mr. Clerides in September 2006; (2) fees
17 | charged solely for communications between Mr. Clerides and
18 | Plaintiff's former employee, Joseph Freedom; (3) fees charged
19 | solely for communications between Mr. Clerides and Plaintiff's
20 | former counsel John Christian; and (4) fees charged for services
21 | not obviously related to enforcement of the settlement agreement.
22 | Of the 44.8 hours billed by Mr. Clerides between May 2006 and May
23 | 23, 2008, 8.7 hours fall into the excepted categories.  Thus,
24 | Plaintiff is entitled to recover fees for 36.1 hours ($9,025) spent
25 | on the enforcement motion.  In addition, Plaintiff is entitled to
26 | recover $175 for .8 hours spent by his counsel for drafting the May
27 | letter and the Declaration.
28 | **\*\*END OF MEMORANDUM\*\***

| | |
|---|---|
| 1 | **<u>Court Service List</u>** |
| 2 | |
| 3 | Peter W. Clerides, Esq. |
| | Law Offices of Peter W. Clerides |
| 4 | 700 Montgomery Street, 3rd Floor |
| | San Francisco, CA 94111 |
| 5 | |
| | Darin T. Judd, Esq. |
| 6 | Lippenberger, Thompson, Welch, |
| |  Soroko & Gilbert LLP |
| 7 | 201 Tamal Vista Boulevard |
| | Corte Madera, CA 94925 |
| 8 | |